IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                           |   |                      |
|---------------------------|---|----------------------|
| UNITED STATES OF AMERICA, | ) |                      |
|                           | ) |                      |
|     Plaintiff, | ) |            |
|                           | ) |                      |
| vs.                       | ) | Cr. No. 06-20310-STA |
|                           | ) |                      |
| CYNTHIA MCCASTER,         | ) |                      |
|                           | ) |                      |
|     Defendant. | ) |               |
|                           | ) |                      |

ORDER DENYING MOTION FOR CREDIT FOR TIME SERVED
(Docket Entry "D.E." 382)
AND
ORDER DENYING MOTION TO REVIEW SENTENCE
(D.E. 393)

On June 3, 2008, Defendant Cynthia McCaster, Bureau of Prisons (BOP) registration number 19879-076, an inmate at the Federal Medical Center (FMC) in Lexington, Kentucky, filed a motion requesting credit for time served. (D.E. 382.) On June 16, 2008, the Court ordered Defendant to provide a copy of the motion to the attorney for the United States and required the United States to file a response within fifteen (15) days of service of the motion. (D.E. 385.) On July 30, 2008, Defendant filed a letter which the Court subsequently construed as a second motion renewing her request for credit for time served. (D.E. 393 & 395.) On August 27, 2008, the Court, noting that the United States had not responded to Defendant's motion, ordered the United States to file its response within ten (10) days from the entry of the Court's order. (D.E. 395.) The United States filed its response on August 28, 2008. (D.E. 396.)

On August 10, 2006, a federal grand jury issued a twenty-four count indictment. On February 22, 2007, Defendant McCaster pled guilty to one count of conspiracy to commit wire fraud and access device fraud, in violation of 18 U.S.C. § 371; one count of wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2; and one count of fraudulent use of access devices and aiding and abetting, in violation of 18 U.S.C. §§ 1029(a)(2) and 2.[1] The remaining charges in the indictment were dismissed on the motion of the United States of America. On October 18, 2007, Defendant was sentenced to 60 months imprisonment on each count, to be served concurrently. She did not appeal.

The commencement and calculation of the term of imprisonment of a federal prisoner, including any award of credits, is governed by 18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," which states as follows:

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

    (1) as a result of the offense for which the sentence was imposed; or

---

[1] Defendant previously was convicted of one count of fraudulent use of identification documents, in violation of 18 U.S.C. § 1028(a)(7), and sentenced to a prison term of twenty-four months in Case No. 04-20389. Defendant was already in federal custody at the time she was indicted for the instant case. (D.E. 382 at 1; D.E. 393 at 1.)

2

>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>    that has not been credited against another sentence.

18 U.S.C. § 3585.

This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). That task is reserved for the Attorney General of the United States through the BOP. United States v. Wilson, 503 U.S. 329, 333-34 (1992); United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir. 1996).

Furthermore, McCaster must exhaust her administrative remedies through the BOP before she may petition the district court to review any administrative decision denying credit for presentence detention. A prisoner who wishes to appeal a decision by the BOP must seek administrative review of the computation or denial of credits, C.F.R. §§ 542.10-542.16 (1997), and, when he has exhausted all administrative remedies, he may then seek judicial relief pursuant to 28 U.S.C. § 2241. See Wilson, 503 U.S. at 335; McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993); United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992).[2]

Thus, exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking the district court's review of the BOP's sentence credit calculation. McCaster does not

---

[2] Habeas corpus is the remedy for a federal prisoner who is raising issues that challenge the execution of a sentence. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991); Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977).

3

allege that she has pursued her administrative remedies with the BOP as required. Therefore, the Court has no jurisdiction over her claim. Wilson, 503 U.S. at 333; United States v. Westmoreland, 974 F.2d 736, 737-38; see also Davis v. Keohane, 835 F.2d 1147 (6th Cir. 1987); Little v. Hopkins, 638 F.2d 953 (6th Cir. 1981).

In Defendant's July 30, 2008 letter, she complains of "the limited programs offered" at FMC and expresses her desire to take her education to a higher level. (D.E. 393 at 2.) To the extent these comments could be construed as a request to move to another prison with different programs, the Court is without jurisdiction to grant that relief. Pursuant to 18 U.S.C. § 3621, persons convicted of federal crimes are committed to the custody of the BOP. That section vests the BOP with the discretion to assign prisoners to particular prisons or programs. It does not create any right to amend or modify the judgment under which a prisoner is sentenced. See United States v. Serafini, 233 F.3d 758, 779 n. 23 (3rd Cir. 2000) ("[A] district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence. Rather, the power to determine the location of imprisonment rests with the Bureau of Prisons.") (emphasis in original); United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) (sentencing recommendation designating place of confinement is "mere surplusage"). Transfers and prison assignments are functions within the discretion of the BOP. Caderno v. Thomas, 50 F. App'x 200 (6th Cir. 2002).

In the July 30, 2008 letter, Defendant also asks the Court to consider a "possible reduction in criminality points", in order to reduce her sentence. (D.E. 393 at 1.) By the terms of 18 U.S.C. § 3582(c), the Court has authority only to modify a sentence when a sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) or upon motion of the Director of the Bureau Prisons. As Defendant's request does not arise under either circumstance, the Court has no authority to modify her sentence.

For the above and foregoing reasons, McCaster's motion for credit for time served and motion to review her sentence are DENIED without prejudice to her right to submit a petition pursuant to 28 U.S.C. § 2241 once she has exhausted her administrative remedies.

As no reasonable jurist could disagree that this Court is without jurisdiction to award jail credit, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by Defendant would not be taken in good faith.

IT IS SO ORDERED this 6th day of October, 2008.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE